UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | C.A. No.  2011-0070-L |
| WHOIS PRIVACY PROTECTION SERVICE, : | |
| INC., et al., : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF AMICA MUTUAL INSURANCE COMPANY'S RESPONSE TO DEFENDANT'S OBJECTION TO THE MEMORANDUM AND ORDER AND REPORT AND RECOMMENDATION**

On May 10, 2012, the Court issued a Memorandum and Order [Dkt. 49] that granted Plaintiff, Amica Mutual Insurance Co.'s ("Amica"), March 5, 2012 Motion for Sanctions (the "Sanctions Order").  Magistrate Judge Martin also issued a companion Report and Recommendation (the "R&R").  [Dkt. 50.]  Both recommend denial of Defendant Darrin Bagnuolo d/b/a Darba Online, Darba Domains and Darba Enterprises, Inc.'s ("Bagnuolo") Motion to Dismiss [Dkt. 17] as a sanction for Bagnuolo's failure to comply with the Court's February 3, 2012 Order (the "Discovery Order")  [Dkt. 43].  Any objection to the Sanctions Order or the R&R was due on May 28, 2012.  On June 1, 2012, Bagnuolo purported to file an objection to the R&R and the Sanctions Order (the "Objection").  [Dkt. 53.]  The Objection is untimely.  Further, even if considered to be timely filed, it does not establish that the findings or legal conclusions set forth in the Sanctions Order are clearly erroneous or contrary to law.

**I.  BACKGROUND**

On March 28, 2011, Amica filed the First Amended Complaint ("FAC") for trademark infringement, dilution, and unfair competition against Bagnuolo.  [Dkt. 5.]  The FAC stems from

Bagnuolo's web site's unauthorized use of Amica's trademarks to bait consumers of insurance products to submit personal information on-line with the expectation that they will receive a quote for insurance from Amica. [Dkt. 5, at 6.] The web site cannot offer quotes from Amica; rather, it apparently sells those quotes to a third party which, in turn, sells those quotes to Amica's competitors that contact Amica's customers and prospective customers using the personal information they provided.

On May 13, 2011, Bagnuolo filed a motion to dismiss the FAC. [Dkt. 17.] In response, Amica argued that personal jurisdiction over Bagnuolo is proper. Alternatively, Amica requested that the Court grant a period of limited jurisdictional discovery. [Dkt. 19.]

On August 3, 2011, Bagnuolo's first lawyer withdrew citing "a break down in the relationship between Legal Counsel and Defendants such that Legal Counsel can no longer represent Defendants in this matter." [Dkt. 27, at 1.] On October 7, 2011, Burns & Levinson LLP entered its appearance for Bagnuolo. [Dkt. 39, at 1.]

On October 12, 2011, the Court held a hearing on Bagnuolo's motion to dismiss. [*See* Dkt. 49, at 4.] The Court granted Amica's request for jurisdictional discovery. [Dkt. 35.] On January 3, 2012, Burns & Levinson moved to withdraw as Bagnuolo's counsel because "there has been a breakdown in communications with the Client, and the Client has requested that the Firm cease all work on the case and withdraw as counsel." [Dkt. 39.]

After the Court permitted Burns & Levinson to withdraw, Amica attempted to obtain discovery from Bagnuolo but was "frustrated by his failure to respond to Amica's discovery requests." [Dkt. 49, at 4-5.] Amica moved to compel discovery responses and to extend the deadline for completion of jurisdictional discovery. [Dkt. 37; Dkt. 38.] The Court issued the Discovery Order granting Amica's motions to compel and extend the discovery deadline. [*See*

Dkt. 43; Dkt. 49, at 6.] The Court ordered Bagnuolo "to produce the documents and to submit to deposition . . . or [provide] a sworn statement that he does not have possession, custody, and/or control of documents that have been requested," and allowed him 15 days to comply. [Dkt. 43, at 3, 6.] The Court also ruled that "any objection to the request [for production] and notice has been waived." [*Id.*]

Bagnuolo did not object to the Discovery Order. He also failed to comply with it. On March 5, 2012, Amica filed a motion for sanctions pursuant to Fed. R. Civ. P. 37. [Dkt. 44.] On March 26, 2012, Bagnuolo filed an objection to Amica's motion for sanctions. [Dkt. 46.] On April 24, 2012, Magistrate Judge Martin held a hearing on Amica's motion for sanctions at which Bagnuolo appeared telephonically. [*See* Dkt. 49, at 2 n.3.] On May 10, 2012, the Court issued the 22 page Sanctions Order. It found that Bagnuolo's "failure to produce documents has frustrated Amica's attempt to conduct jurisdictional discovery [such that] denial of the Motion to Dismiss is an appropriate penalty. . . ." [Dkt. 49, at 22; *see* Dkt. 50, at 3.] In the accompanying R&R, Magistrate Judge Martin recommended that Bagnuolo's motion to dismiss be denied and Amica should be awarded its attorneys' fees in bringing the motion for sanctions. [Dkt. 50, 3.][1] Three weeks later, on June 1, 2012, Bagnuolo filed the Objection. [Dkt. 53.]

II. **ARGUMENT**

　　1. **Bagnuolo's Objection Is Untimely.**

A party objecting to a magistrate judge's order must do so within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). Failure to file within the time allowed waives the right to review by the district court and the right to appeal the district court's decision.

---

[1] Bagnuolo's certificate of service purports to have "served" the Objection to Amica's counsel and the Court on May 27, 2012.

*Id.*; *U.S. v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986).  This waiver applies equally to represented and *pro se* litigants.  *Valencia-Copete*, 792 F.2d at 6.

The First Circuit requires magistrate judges to provide clear notice to all litigants that objections be filed within 14 days or they will be waived.  *Id.*  The R&R provides this clear notice, stating:

> Any objections to this Report and Recommendation must be specific and **must be filed with the Clerk of Court within fourteen (14) days** of its receipt.  See Fed. R. Civ. P. 72(b); District of Rhode Island Local Rule Cv 72(d).  **Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court** and of the right to appeal the district court's decision.

[Dkt. 50, at 3 (emphasis added).]  The Court issued the R&R on May 10, 2012.  Therefore, "[a]ny objections to th[e] Report and Recommendation" should have been filed with the Clerk of Court 14 days from May 10, 2012, which was May 24, 2012.  Bagnuolo did not file his Objection by May 24, 2012.  [*See* Dkt. 53.]

Fed. R. Civ. P. 6(d), however, provides that when a party must act within a specified time after service and service is made by mail, "3 days are added after the period would otherwise expire . . ."  *Id.*  If Bagnuolo was entitled to three additional days to file his Objection under Fed. R. Civ. P. 6(d), the Objection was due May 28, 2012.  Bagnuolo's Objection was filed June 1, 2012, nearly a week later.  [*See* Dkt. 53.]  Therefore, Bagnuolo has waived his right to object to the Sanctions Order and the R&R.

**2. The Sanctions Order And R&R Were Neither Clearly Erroneous Nor Contrary To Law.**

Even on a timely objection, a magistrate judge's order will only be modified or set aside if it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  "A determination is 'clearly erroneous' when, although there is evidence to support it, the court, after reviewing all the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake."

4

*Estates of Ungar and Ungar ex rel. Strachman v. Palestinian Authority*, 325 F. Supp. 2d 15, 25 (D.R.I. 2004); *see Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Anderson*, 470 U.S. at 573. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. "[T]he district court must refrain from second guessing the magistrate judge's pre-trial discovery rulings." *Ungar*, 325 F. Supp. 2d at 25. These pre-trial discovery rulings include the magistrate judge's determination to award attorneys' fees as a discovery sanction. *Id.*; *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999).

Bagnuolo claims that the Sanctions Order "simply ignores and fails to consider my arguments, my relevant declarations, the reasonable explanations of a pro se litigant, the procedures set forth in Fed. R. Civ. P. Rule [sic] 30(b)(6) to prevent the kind of confusion and convolution that Amica's discovery has generated and the applicable law." [Dkt. 53, at 7.] This is incorrect. Magistrate Judge Martin considered, and rejected, each of Bagnuolo's arguments in the 22 page Sanctions Order.

For example, Bagnuolo's first argument is a rehash of his earlier, unsuccessful attempts to belatedly object to Amica's discovery requests. [*See* Dkt. 53, at 5.] He argues that "there is nothing to produce in response to Amica's written discovery requests, and unless properly designated as set forth in Fed. R. Civ. P. Rule [sic] 30(b)(6) there is nothing that I, as Darba's president, should have produced related to Darba . . ." [*Id.*] This is procedurally wrong, as the Court earlier held that Bagnuolo waived any objection to Amica's requests. [*See* Dkt. 49, at 12-14, 16; Dkt. 43, at 3 ("to the extent that Mr. Bagnuolo seeks leave to file an objection to either

the requests for production or his notice of deposition, such leave is denied. Mr. Bagnuolo is ordered to produce the documents and to submit to deposition.").] It is also substantively wrong under Fed. R. Civ. P. 34. [*See, e.g.*, Dkt. 49, at 20-21 ("These facts cast considerable doubt on Mr. Bagnuolo's claim that he does not have 'the legal right or ability to obtain the documents from [Darba Enterprises, Inc.]" (brackets in original)]; Dkt. 43, at 3-4 n. 4.] This applies with equal force to Darba's second argument, that "nothing was actually withheld from Amica." [Dkt. 53, at 6.]

Next, Bagnuolo posits that "there was a mistake concerning the need for a 'written response'" as a result of the Court's February 3, 2012 order. [*Id*.] The Sanctions Order dispensed with this argument, explaining that the Discovery Order required Bagnuolo "to produce the documents and submit to deposition," [Dkt. 43, at 3], or, if he "has no responsive documents, he must provide a sworn response so stating." [Dkt. 49, at 14.] Any other interpretation of the Court's order is "plainly unreasonable" and "simply untenable." [Dkt. 49, at 14.] Nonetheless, Bagnuolo did not object to the Discovery Order, refused to produce any documents, and now claims that Magistrate Judge Martin's interpretation of the Discovery Order requiring Bagnuolo to produce documents is clearly erroneous. This argument is baseless.

Bagnuolo also asserts that the Sanctions Order "fails to consider the confusion caused by the manner Amica wrote its discovery." [Dkt. 53, at 6.] Magistrate Judge Martin considered this argument, and rejected it as "baseless," explaining that there is no suggestion in the [Discovery] Order that Amica's discovery requests are confusing . . ." [Dkt. 49, at 14-16.]

Ultimately, Magistrate Judge Martin made detailed factual findings. [Dkt. 49, at 2-8.] He set forth the legal standards applicable to Bagnuolo's arguments. [*Id.* at 8-12.] He applied the legal standards to his factual findings, addressing all but one of the arguments Bagnuolo

6

presents in the Objection. [*Id.* at 12-22.] He concluded that Bagnuolo's arguments were variously: "plainly unreasonable," p. 14; "simply untenable," *id.*; "at best, strained," p. 15; "even more baseless than [his earlier] contention," p. 16; "patently unreasonable," *id.*; and "his explanations for [his] noncompliance are unavailing," p. 17. [Dkt. 49.] The Sanctions Order and R&R are neither clearly erroneous nor contrary to law.

### 3. Bagnuolo's New Argument That The Sanctions Order Violates Due Process Is Contrary To Law, Having Been Rejected By The United States Supreme Court.

Bagnuolo's only legal challenge to the R&R is his assertion that "[a] sanction which creates jurisdiction or a default when the Court was without jurisdiction as was, *and still is* the case in this instant matter violates due process . . ." [Dkt. 53, at 6 (emphasis in original).] In support of this proposition, Bagnuolo states that "[t]he Fifth Circuit made such a ruling in *Familia de Boom v. Arosa Mer[cantile, S.A.*, 629 F.2d 1134 (1980)] and the U.S. Supreme Court upheld the same by denying cert." [*Id.* at 7.]

In fact, the Supreme Court rejected Bagnuolo's argument in *Compagnie des Bauxites de Guinea v. Insurance Co. of N. Am.*, 456 U.S. 694, 700 & n.8 (1982). The Supreme Court framed the issue as follows: "May a district court, as a sanction for failure to comply with a discovery order directed at establishing jurisdictional facts, proceed on the basis that personal jurisdiction over the recalcitrant party has been established?" *Id.* at 695. The Supreme Court answered affirmatively: "the application of a legal presumption to the issue of personal jurisdiction does not in itself violate the Due Process Clause[.]" *E.g., id.* at 709. The decision in *Compagnie des Bauxites* rejects the argument that Bagnuolo advances here.

The Supreme Court explained that personal jurisdiction can be waived, either voluntarily or involuntarily. *Id.* at 701-707; *id.* at 703 ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). Therefore,

7

"[t]he actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* at 704-05.  As such, a "Rule 37 sanction applied to a finding of personal jurisdiction creates no more of a due process problem" than a waiver of personal jurisdiction for failure to timely object under Fed. R. Civ. P. 12. *Id.* at 705.  Therefore, "[i]f there is no abuse of discretion in the application of the Rule 37 sanction . . . then the sanction is nothing more than the invocation of a legal presumption, or what is the same thing, the finding of a constructive waiver." *Id.* at 706.

*Compagnie des Bauxites* directly refutes Bagnuolo's argument that the Court's sanction denying his motion to dismiss violates due process. *See,e.g.*, 456 U.S. at 709 ("The sanction took as established the facts . . . that [plaintiff] was seeking to establish through discovery.  That a particular legal consequence–personal jurisdiction of the court over the defendant[]–follows from this, does not in any way affect the appropriateness of the sanction.")  For this additional reason, the Objection should be denied.

### III.     CONCLUSION

Amica respectfully requests that the Sanctions Order and the R&R be accepted.

                                     Respectfully submitted,

                                     AMICA MUTUAL INSURANCE COMPANY,
By its Attorneys,

/s/ Craig M. Scott
Craig M. Scott, Esq. (# 4237)
Anastasia A. Dubrovsky, Esq. (#8166)
Scott & Bush Ltd.
One Turks Head Place, Fourth Floor
Providence, RI  02903
(401) 865-6035/(401)865-6039 Fax
cscott@scottbushlaw.com

DATED:  June 15, 2012                adubrovsky@scottbushlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the 15th day of June, 2012, I caused a copy of the foregoing *Memorandum of Law In Support of Amica Mutual Insurance Company's Response To Defendant's Objection To Magistrate Judge Martin's Memorandum And Order And Report And Recommendation* to be filed electronically and that service has been made via the Court's ECF System upon:

      Thomas R. Noel, Esq.
      Thomas R. Noel, Counselor At Law, P.C.
      50 South Main Street
      Providence, Rhode Island  02903

      Wendy M. Mantell, Esq.
      Greenberg Traurig LLP
      2450 Colorado Ave.
      Suite 400E
      Santa Monica, California  90405

and upon the following via First Class Mail:

      Darrin Bagnuolo
      d/b/a Darba Online, Darba Domains and Darba Enterprises, Inc.
      9570 Castillana Court
      Las Vegas, Nevada  89147


      /s/ Craig M. Scott