UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMICA MUTUAL INSURANCE        :
COMPANY                       :
                             :
            v.                :        C.A. No. 11-0070L
                             :
WHOIS PRIVACY PROTECTION      :
SERVICE, INC., et al.         :

## MEMORANDUM AND ORDER

This matter is before me for determination (28 U.S.C. § 636(b)(1)(A)) of the Motion of

Defendant Darrin Bagnuolo ("Bagnuolo") for a partial stay of the March 28, 2013 Final

Judgment entered in this case in favor of Plaintiff Amica Mutual Insurance Company ("Amica")

and a stay of the grant of Amica's Application for a Writ of Execution.  (Document No. 118).

Amica filed an Objection.  (Document No. 121).  For the reasons stated below, Bagnuolo's

Motion is DENIED.

### Background

On March 28, 2013, Final Judgment entered in favor of Amica and against Bagnuolo

d/b/a Darba Online, Darba Domains and Darba Enterprises, Inc. as to all counts of Amica's First

Amended Complaint, which alleged violations of federal and state law arising from Bagnuolo's

unauthorized use of Amica's trademarks.  (Document No. 103).  In addition to enjoining

Bagnuolo from all uses of Amica's trade name and trademarks, the Final Judgment ordered

Bagnuolo to pay Amica $66,571.24, representing unpaid sanctions and Amica's attorneys' fees.

Id. at 2.  Bagnuolo appealed this Judgment to the United States Court of Appeals for the First

Circuit.  Amica filed an Application for Writ of Execution with this Court on May 30, 2013.

(Document No. 115).  Over Bagnuolo's Opposition (Document No. 116), Amica's Application

was granted.

On June 27, 2013, Bagnuolo filed his Motion for a partial stay pursuant to Fed. R. Civ.

P. 62(d).  (Document No. 118 p. 3).[1]  Bagnuolo attached a "Declaration" to his Motion in which

he asserts that he lacks the financial resources to pay the sum ordered by the Final Judgment and

that he is "strongly considering bankruptcy."  Id. at 2.  Due to his financial situation, Bagnuolo

requested a "minimal bond."  Id. at 3.  Amica objects to Bagnuolo's Motion, contending that the

Final Judgment should not be stayed unless and until Bagnuolo posted a full supersedeas bond

as required by Fed. R. Civ. P. 62(d).  (Document No. 121 p. 3).

**Discussion**

Bagnuolo seeks a stay of the monetary portion of the Final Judgment under Fed. R. Civ.

P. 62(d).  That rule provides, in pertinent part, that, "[i]f an appeal is taken, the appellant may

obtain a stay by supersedeas bond,....The bond may be given upon or after filing the notice of

appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court

approves the bond."  Fed. R. Civ. P. 62(d).  Local Rule Cv 62 sets forth clear guidance on the

amount of the bond: "[u]nless the Court otherwise orders, a supersedeas bond staying execution

of a money judgment shall be in the amount of the judgment, plus an additional 10% of that

amount to cover interest and any award for delay, plus an amount established by law or directed

by the Court to cover costs."  LR Cv 62.

---

[1] Bagnuolo's Motion did not seek a stay of the injunction component of the Final Judgment, but only requested that the monetary component of the Judgement be stayed.  (Document No. 118 p. 1).

The requirement that a supersedeas bond be posted is the "usual rule" for stays of monetary judgments under Rule 62(d). Exxon Corp. v. Esso Worker's Union, Inc., 963 F. Supp. 58, 60 (D. Mass. 1997); see also Alphas Co. v. Dan Tudor & Sons Sales, Inc., 679 F.3d 35, 38 n.2 (1st Cir. 2012) ("In general, in order to stay the district court's judgment during an appeal to the federal appeals court, a party must file a supersedeas bond in the district court."). "The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal[,]" Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002) (per curiam), by insuring against the possibility of the judgment debtor's insolvency during the appeal process and by compensating the judgment creditor for the delay in enforcing the judgment. See Perez Rodriguez v. Rey Hernandez, 304 F. Supp. 2d 227, 228 (D.P.R. 2004); Exxon Corp., 963 F. Supp. at 60.

However, the bond requirement is not absolute; under both the plain text of LR Cv 62 and First Circuit precedent, this Court has discretion to alter the nature and extent of the bond – or to eliminate the bond requirement altogether – if circumstances so warrant. See, e.g., Acevedo-Garcia, 296 F.3d at 17 ("The nature and the amount of the bond [under Rule 62] is entrusted to the discretion of the trial court." (citing Skolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987)); see also Cipes v. Mikasa, Inc., 404 F. Supp. 2d 367, 369 (D. Mass. 2005); Exxon Corp., 963 F. Supp. at 60; 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2905, at 716-717, 720 (3rd ed. 2012) [hereinafter Wright & Miller]. The First Circuit has identified two scenarios where the bond requirement may be excused: (1) where "the defendant's ability to pay is so plain that the posting of a bond would be a waste of

money"; and (2) where "the bond would put the defendant's other creditors in undue jeopardy." Acevedo-Garcia, 296 F.3d at 17; see also Ford v. Bender, 903 F. Supp. 2d 90, 106 (D. Mass. 2012).

A court faced with a request that the amount of the bond be reduced or that the bond requirement be eliminated altogether need not accept unsupported assertions that posting a supersedeas bond for the full amount will engender severe financial hardship. Rather, "the burden is on the party seeking a waiver [of the bond requirement] to demonstrate that the judgment is not at a risk," Wright & Miller, supra, at 720-722, and, in determining whether a party has met its burden, "it is appropriate for the court to require 'adequate documentation' to support" its request. Ford, 903 F. Supp. 2d at 106 (quoting Acevedo-Garcia, 296 F.3d at 17). Additionally, "the bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant unless some other form of security is offered." Wright & Miller, supra, at 722-723.

Within this framework, Bagnuolo's Motion for a stay must be denied. Although his Motion claims that he lacks the financial resources to pay the monetary judgment in one lump sum and laments his "paltry financial status," (Document No. 118 p. 3), Bagnuolo has not provided this Court with any sworn financial details to support his self-serving claims. Moreover, even if posting a supersedeas bond in the amount recommended by LR Cv 62 would present a severe financial hardship for Bagnuolo, he has not offered this Court any alternative form of security. Mindful that the bond requirement was intended to protect the prevailing party from the risk of the judgment debtor's insolvency during the appeal process and that Bagnuolo

has asserted that he is "strongly considering bankruptcy," (Document No. 118 p. 2), I conclude that the circumstances of this case do not warrant discretionary excusal of the bond requirement. Accordingly, as Bagnuolo has failed to post a supersedeas bond or to show any valid reason to excuse the bond requirement, his Motion for a stay under Rule 62(d) must be denied.

For the foregoing reasons, Bagnuolo's Motion For Partial Stay (Document No. 118) is DENIED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2013